70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Franklin BARNUM, Defendant-Appellant.
 No. 95-30030.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Dec. 5, 1995.
 
 Before: BROWNING, RYMER, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. Seizure of the legal files
 
 2
 Barnum clearly had a legitimate expectation of privacy in the area in which the legal files were found during the January 23, 1991 search--a canvas bag in the closet of his bedroom--and thus had standing. Martinez v. Nygaard, 831 F.2d 822, 825 (9th Cir.1987).
 
 
 3
 The legal files were not covered by the warrant. The warrant authorized a search for medical records or records and other evidence pertaining to crimes committed at Doctor Sloan's office. See United States v. Washington, 797 F.2d 1461, 1468 (9th Cir.1986) ("[T]he need to strictly limit the scope of the search is particularly acute when ... the warrant authorizes the seizure of documents."). Nonetheless, the officers properly searched the canvas bag and the legal files they found inside. Because the officers were authorized by the warrant to search for stolen files, Detective Grow was justified in opening the canvas bag and inspecting the files he saw there to determine if they were covered by the warrant.
 
 
 4
 The officers also properly seized the files, because they had probable cause to believe a nexus existed between the legal files and criminal activity. Legal files, like medical files, tend to be personal in nature and highly confidential. Barnum's name did not appear on any of the files. Detective Grow had probable cause to conclude Barnum had no legitimate reason for possessing legal files unrelated to his own affairs. Washington, 797 F.2d at 1469 ("[E]vidence in plain view may be seized when the executing officers have 'probable cause' to believe that a nexus existed between the viewed item and criminal activity.").
 
 
 5
 II. Warrantless seizure and subsequent searches of Barnum's notebook
 
 
 6
 The court order requiring Barnum to provide a handwriting exemplar did not circumvent the Fourth Amendment. The Government was required to establish some independent justification for the seizure and search of the notebook without a warrant.
 
 
 7
 The officers did not examine the notebook at the time of seizure. Hence, they did not search the notebook incident to arrest. Because the officers first inspected the contents of the book at a later time and location, where concerns of officer safety and destruction of evidence were no longer present, a warrant was needed. See Chimel v. California, 395 U.S. 752, 763-64 (1969). In addition, as we have stated, "[i]f an individual is arrested and his property seized, but not searched, the arrest and seizure in and of themselves do not work to deprive the individual of his fourth amendment privacy interest in the seized property; subsequent warrantless searches of the property are invalid." United States v. Holzman, 871 F.2d 1496, 1505 (9th Cir.1989), abrogated in part on other grounds, Horton v. California, 496 U.S. 128 (1990). Any evidence obtained as a result of the information contained in the notebook must be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963). As the government concedes, without this evidence, the conviction cannot stand.
 
 
 8
 Because the post arrest searches of Barnum's notebook cannot be justified as searches incident to arrest, we do not decide whether Barnum's arrest was a pretext or discuss the propriety of the grand jury subpoenas.
 
 
 9
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3